

40 Broad Street, 7th Floor
New York, New York 10004
Telephone: 212.943.9080
www.vandallp.com

**Jonathan Roffe**
Associate
jroffe@vandallp.com

June 15, 2015

*Via ECF*

Honorable Steven I. Locke
United States Magistrate Judge
United States District Court
100 Federal Plaza. Courtroom 820
Central Islip, New York 11722-9014

  Re: **Trustees of the Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds v. Duncan & Son Carpentry, Inc., 14 cv 2894 (SJF) (SIL)**

Dear Judge Locke:

  On behalf of the plaintiffs trustees in the above-referenced case, I write to request that the Court issue an order requiring Duncan & Son Carpentry, Inc. ("Duncan") to comply with the post-judgment request to produce an officer authorized to testify at a deposition and to produce documents that is annexed hereto as **Exhibit 1**. To the extent that a pre-motion conference is required for any aspect of Plaintiffs' motion, Plaintiffs request a pre-motion conference.

  Plaintiffs are the trustees of several employee benefit plans. In 2014, plaintiffs filed this action against Duncan to redress violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185; and section 9 of the Federal Arbitration Act, 9 U.S.C. § 9. On September 17, 2014, this Court entered judgment against Duncan for $11,979.47. For the past few months, Plaintiffs have attempted to locate Duncan's assets through post-judgment discovery and other measures. Plaintiffs have been unable to recover anything from Duncan up to this point of time.

  Duncan is incorporated under the laws of the State of New York. It remains an active and profitable business. Plaintiffs seek deposition of a corporate officer and the production of documents in order to discover Duncan's currently held assets and ownership interests.

On October 1, 2014, Plaintiffs issued a notice of deposition and request for the production of documents and served it upon Duncan at its headquarters by certified mail. The deposition was scheduled to take place on December 18, 2014 and the due date for the production of documents was December 11, 2014. Duncan failed to appear at the deposition scheduled for December 18, 2014 and never produced any documents as was requested.

In or around April, 2015, Plaintiffs made another attempt to locate Duncan's assets by directly contacting the owner of Duncan & Son Carpentry, Inc., David Duncan. On that day, Mr. Duncan stated that he had never received any request for the production of documents, nor a notice of deposition. Nevertheless, Mr. Duncan agreed to produce the documents requested by the Plaintiffs within two weeks' time. Mr. Duncan failed to send over any documents to the Plaintiffs.

On May 4, 2015, Plaintiffs issued a second notice of deposition as well as a request for the production of documents and served it upon Mr. Duncan, at his personal address, which he provided, by certified mail, as demonstrated by the Certified Mail Receipt attached hereto as **Exhibit 2**. The deposition was scheduled to take place on June 3, 2015 and the due date for the production of documents was May 27, 2015.

Plaintiffs have spoken with Mr. Duncan several times since these documents were served to confirm that the Defendant would produce the requested documentation. Each time, Mr. Duncan has claimed that he will follow up and provide the documents within a few days' time. At no point has Mr. Duncan produced any documents. Nor has Mr. Duncan ever contacted our office to explain this failure. Furthermore, Mr. Duncan failed to appear at the deposition scheduled for June 3, 2015. At no point has Duncan served objections to the notice of deposition nor to the request to produce documents.

As a courtesy, Plaintiffs have informed Mr. Duncan of their plans to file this motion if the documents were not produced by June 9, 2015. Duncan has still not produced the requested documents. Therefore, Plaintiffs respectfully request that the Court order Mr. Duncan to appear at our office for a deposition and produce all documents described in the request for production of documents, and to stop thwarting Plaintiffs' legitimate efforts to enforce the judgment. Plaintiffs also request that the Court find Duncan in contempt of court and order them to pay Plaintiffs attorneys' fees expended in preparation for the deposition and in preparing this letter motion.

Respectfully submitted,

/s/
Jonathan Roffe

cc:   Duncan & Son Carpentry, Inc. (by first class mail)