UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TRUSTEES of EMPIRE STATE
CARPENTERS ANNUITY,
APPRENTICESHIP, LABOR-
MANAGEMENT COOPERATION,
PENSION and WELFARE FUNDS,

**ORDER**
14-cv-2894 (SJF)(SIL)

                              Plaintiffs,
   -against-

DUNCAN & SON CARPENTRY, INC.,

                              Defendant.
-------------------------------------------------------------x

**LOCKE, Magistrate Judge:**

On May 7, 2014, Plaintiffs, the Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds ("Plaintiffs" or "Funds"), commenced this action against Defendant Duncan & Son Carpentry, Inc. ("Defendant" or "Duncan"), alleging violations of the Employment Retirement Income Security Act of 1974 ("ERISA"), the Labor Management Relations Act of 1947 ("LMRA"), and the Federal Arbitration Act ("FAA"). *See* Compl., DE [1]. Defendant failed to answer or otherwise appear in this action and on September 16, 2015, Judge Feuerstein granted Plaintiffs' motion for a default judgment. *See* DE [14]. Presently before the Court is Plaintiffs' letter motion, DE [16], seeking to compel Duncan's responses to post-judgment discovery demands served pursuant to Federal Rule of Civil Procedure 69, including production of a corporate witness for deposition, and an Order finding Duncan in contempt of Court and directing it to pay any attorneys' fees incurred by Plaintiffs in taking the

1

deposition and making the instant motion. The motion is unopposed. For the reasons set forth herein, it is granted in part and denied in part.

I. **Background**

Plaintiffs brought the underlying action to recover damages for alleged violations of ERISA, the LMRA, and the FAA. Specifically, Plaintiffs allege that Duncan became bound to a Collective Bargaining Agreement with the Northeast Regional Council of Carpenters (the "CBA"), which obligated Duncan *inter alia* to make periodic contributions to the Funds on behalf of its covered workers. *See* Compl. ¶ 9. Plaintiffs allege that Duncan ceased making the required payments and, pursuant to the CBA, the parties' dispute proceeded to arbitration. *See id.* ¶¶ 11-12. The arbitrator held a hearing and determined that Duncan had violated the CBA and awarded the Funds damages in the amount of $9,789.00. *See id.* ¶¶ 13-14. The Complaint arises from Duncan's alleged failure to comply with the arbitrator's award, for which the Funds seek confirmation thereof, together with attorneys' fees and costs of the instant action.

As noted above, Duncan failed to answer or otherwise respond to the Complaint, and on July 8, 2014, the Clerk of the Court noted Duncan's default. *See* DE [7]. Subsequently, the Funds filed a motion for a default judgment, *see* DE [11, 12], which Judge Feuerstein granted, awarding Plaintiffs damages in the liquidated amount of $9,789.02 plus prejudgment interest of $687.47 and attorneys' fees and costs of $1,502.98, for a total judgment of $11,502.98. *See* DE [14].

On June 15, 2015, Plaintiffs filed the instant motion, *see* DE [16], claiming that, despite Judge Feuerstein's judgment of default and associated damages, to date the Funds have been unable to recover "anything" from Duncan. *See* Ltr. Mtn. at 1. This notwithstanding that Duncan is "incorporated under the laws of the State of New York" and "remains an active and profitable business." According to Plaintiffs, Duncan has resisted the Funds' efforts to "discover [its] currently held assets and ownership interests." *Id.*

In this regard, Plaintiffs claim that on October 1, 2014, they served a deposition notice and document demands upon Duncan at its headquarters by certified mail. *See id.* at 2. Reponses to the document demands were due on December 11, 2014, and the deposition was noticed for December 18, 2014. *See id.* However, Duncan did not produce any documents, and did not object to or appear for the December 18 deposition. *See id.*

Thereafter, in or around April 2015, the Funds spoke directly with David Duncan, the owner of Defendant, and inquired as to his noncompliance with post-judgment discovery. *See id.* Mr. Duncan claimed not to have received the deposition notice or document demands, and assured Plaintiffs that he would produce the requested documents on behalf of the Defendant within two weeks. *See id.* Again, Duncan produced no documents.

On May 4, 2014, Plaintiffs served Duncan with a second deposition notice and document demands, this time at his personal address, which he allegedly provided, by certified mail. *See id.* Responses to the second set of discovery

3

demands were due on May 27, 2015, and the second deposition was noticed for June 3, 2015. *See id.* Again, Duncan did not produce any documents, nor did he object to or appear for the June 3 deposition. *See id.*

The Funds claim that, as a courtesy, they notified Mr. Duncan of their intention to file the instant motion if the requested documents were not produced on or before June 9, 2015. Defendant still did not comply. *See id.* As a result, Plaintiffs now seek from this Court an Order: (i) directing Mr. Duncan to appear for a deposition; (ii) directing Duncan to produce the documents requested in aid of collection; and (iii) finding Defendant in contempt of Court and requiring it to pay attorneys' fees incurred by Plaintiffs in taking the deposition and making the instant motion. Duncan did not respond to the motion, despite being duly served. *See* DE [17] (Affidavit of Service).

## II. Applicable Law

### A. Availability of Post-Judgment Discovery

" 'Discovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure.' " *Ferrara v. Metro D Excavation & Found., Inc.*, 10-cv-4215, 2012 U.S. Dist. LEXIS 22443, at *1 (E.D.N.Y. Feb. 22, 2012) (quoting *First City, Texas-Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 54 (2d Cir. 2002)). Federal Rule of Civil Procedure ("FRCP") 69 provides that "[i]n the aid of judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). It is fundamental

that the Federal Rules authorize the familiar discovery devices sought to be utilized here—*i.e.*, a request to produce documents under FRCP 34 and a deposition under FRCP 30—and thus both are available in the current post-judgment posture of this case to aid in execution of the judgment.

B. <u>**Contempt Power of a Federal Magistrate Judge**</u>

"The contempt power of a federal magistrate judge is set out in 28 U.S.C. § 636(e) . . . , which provides, *inter alia*, that, under the circumstances of this matter[1], 'the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.' When the facts have been certified, the 'district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.' " *Ferrara v. Nordev, LLC*, 10-cv-5844, 2012 U.S. Dist. LEXIS 77304, at *2-*3 (E.D.N.Y. Apr. 10, 2012) (Report and Recommendation), *adopted*, 2012 U.S. Dist. LEXIS 77309 (E.D.N.Y. May 30, 2012) (quoting 28 U.S.C. § 636). In this regard, the magistrate judge "functions only to certify the facts and not to issue an order of contempt." *Id.* at *3 (citing *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 118 (E.D.N.Y. 2008)). And, "[i]n

---

[1] In other circumstances—for instance, where the parties have consented to the jurisdiction of the magistrate judge—the certification process is inapplicable and the Court is empowered to directly "exercise the civil contempt authority of the district court." 28 U.S.C. § 636(e)(4).

5

certifying the facts under Section 636(e), the magistrate judge's role is 'to determine whether the moving party can adduce sufficient evidence to establish a *prima face* case of contempt.'" *Hunter*, 250 F.R.D. at 118 (quoting *Church v. Steller*, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999)).

The "essential elements which must be established before a party can be held in civil contempt" include: (i) an order that is clear and unambiguous; (ii) clear and convincing proof of non-compliance with that order; and (iii) a showing that the contemnor has not been reasonably diligent and energetic in attempting to accomplish what was ordered. *See id.* at 119 (internal citations and quotation marks omitted).

### III. Analysis

#### A. Duncan is Directed to Comply with the Funds' Discovery Requests

Plaintiffs' motion to compel is granted. The Court finds that the Funds are entitled to seek post-judgment discovery under FRCP 69, and that the discovery devices thus far employed for that purpose are proper. The Court further concludes that Duncan's failure to either object in good faith or comply with any of Plaintiffs' requests is willful. *See Ferrara*, 2012 U.S. Dist. LEXIS 22443, at *4 (finding defendant's failure to comply with post-judgment discovery willful and granting motion to compel where, after default judgment was entered, defendant failed to appear for deposition or to respond to subpoenas). Accordingly, that portion of the Funds' motion seeking to compel responses to Plaintiffs' document demands, as well as Duncan's appearance at a deposition, is granted. Consequently, Duncan shall

6

respond to Plaintiff's document demands and produce all documents responsive thereto no later than July 24, 2015. In addition, Mr. Duncan or an appropriate representative of Defendant with comparable knowledge of Defendants' assets and ownership interests shall appear for a deposition no later than August 7, 2015, at the offices of Virginia & Ambinder LLP, 40 Broad Street, 7th Floor, New York, New York 10004.

Plaintiffs are directed to serve copies of this Order upon the corporate Defendant at its last known address, and to Mr. Duncan, individually, at the address he provided and file proof of service with the Court.

### B. There is No Present Basis for Certifying Facts Relating to Contempt

It is this Court's province to determine in the first instance whether the Funds can "adduce sufficient evidence to establish a *prima face* case of contempt." Under the present circumstances, they cannot. As the above-recited elements make plain, a clear and unambiguous order of the Court, compliance with which has been defied, are factual prerequisites to maintaining a civil contempt claim. As no such order has yet issued, there is no rational basis at this juncture for finding Duncan in contempt. As such, that portion of the instant motion seeking a finding of contempt and related monetary penalties is denied without prejudice and with leave to renew at a later date, if necessary.

Dated:   Central Islip, New York
         June 26, 2015                    s/ Steven I. Locke
                                          STEVEN I. LOCKE
                                          United States Magistrate Judge